# Bardstown and Green River T. R. Company *vs* Duncan.

COVENANT.

ERROR TO THE GRAYSON CIRCUIT.

*Case 93.*

*Release.   Witness.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

*May 5.*

The case stated.

THIS is an action of covenant, brought by the Bardstown and Green River Turnpike Company against John Duncan, to recover his subscription of stock to the road. In the progress of the case, Wills, the Treasurer of the company, was introduced as a witness in behalf of the plaintiff, and on being interrogated, stated that he was to receive as compensation for his services, one per cent. on the amount of stock collected and disbursed; and being objected to as incompetent, on the ground of interest, executed and delivered to the plaintiff's attorney at law, who was engaged in the management of their suit and was a stockholder in the company, a renunciation and release of all claim to his commission on the defendant's stock. Whereupon being again offered as a witness, he was still rejected by the Court, on the ground of a want of delivery of the release to the company. The opinion of the Court in refusing his examination as a witness after the release, is the only question which we deem necessary to notice.

It has been determined that a deed may be delivered into the hands of a *stranger*, in the absence of the party who is to take under it; (4 *Comyn's Digest*, 273, and the authorities referred to:) "So the grantor having executed a deed to B, in his absence, delivered it to C, with these words, take this deed and keep it, if I never call for it, deliver it to B after my death, if I call for it deliver it to me. The grantor died shortly afterwards, having never called for the deed, and then C delivered it to B. Held that this was the deed of the grantor *presently*, that the title was consummated in B by the death of the grantor, and that the deed took effect by *relation*, from the time of the *first delivery*."

The delivery of a release to the attorney at law of a Turnpike Road Company, who was a stockholder also, by one offered as a witness, of all interest in the controversy, is valid and effectual to qualify the witness to give evidence for the company.

And it is further said, that if a deed be delivered to a stranger as an escrow, to take effect upon the performance of a condition that though either of the parties dies before the condition is performed, and afterwards, it is performed, the deed is good, and will take *effect* from its *first delivery*; (4 *Comyn's Digest*, 274, and note and authorities cited.)

If these authorities be correct expositions of the law, much more will a delivery of a deed of release to the attorney of the company, engaged in the conduct and management of their suit, and made and received with a view to the success of their cause, and for their benefit, and when the attorney was interested as a stockholder, be deemed good. The release is a renunciation of all interest in the fund sought to be recovered, and so soon as delivered to the attorney, is beyond the control or power of the witness to retract. If a manual acceptance or assent by the company be deemed necessary, the act being for their benefit and to their interest, their acceptance or assent will be presumed, and so soon as given the deed will take effect by relation, from the original delivery. If therefore, its acceptance is to be presumed, and its delivery to the attorney could not afterwards be retracted by the witness, he became forthwith disinterested, and was competent to give evidence. And being rejected on the sole ground of incompetency on the score of interest, it was not necessary for the plaintiffs to show what he intended to prove by him. From his connection with the company, and the offer to introduce him, and objection to his evidence by the defendant's counsel, on the sole ground of interest, it must be presumed that he would have proven something bearing upon some of the issues joined.

The judgment of the Circuit Court is, therefore, reversed, and cause remanded, that a new trial may be granted without the payment of costs.

*Hardin* for plaintiffs: *Morehead & Reed* for defendant.